**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3879-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MICHAEL A. ASKINS, a/k/a
MICHAEL A. ELLIS,

    Defendant-Appellant.

_____

        Submitted March 11, 2019 – Decided July 9, 2019

        Before Judges Sabatino and Sumners.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 07-09-2234.

        Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

        Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica Lucinda do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Michael Askins appeals the denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant pled guilty to various sexual offenses for which he was sentenced to a ten-year prison term subject to the No Early Release Act (NERA), N.J.S.A. 2C: 43-7.2. Following the completion of his sentence, he was involuntarily committed to the Special Treatment Unit (STU) as a sexually violent predator pursuant to the Sexually Violent Predator Act, N.J.S.A. 30:4-27.24 to -27.38. He then filed a petition for PCR alleging that his trial counsel was ineffective for failing to advise him that he could be subject to civil commitment after serving his sentence. His petition was denied without an evidentiary hearing. Because we conclude that the plea judge fully explained to defendant that civil commitment was a possibility after serving his sentence, we affirm substantially for the thoughtful reasons set forth in PCR Judge Thomas F. Scully's oral decision.

I

This matter returns to us following our unpublished opinion, State v. Askins, No. A-2594-09, (App. Div. July 5, 2012), where we reversed defendant's conviction for sexual assault and other various offenses committed against five women on five separate dates in Asbury Park because the trial court erred in

2

denying his motion for severance based, in part, upon its finding that the separate assaults were admissible at a single trial to bolster each victim's credibility.[1] We also held that the court's ruling caused a cumulative impact of prejudicial errors by repeatedly instructing the jury in the final charge that evidence of each assault could be considered as proof of a "plan" under N.J.R.E. 404(b). We remanded for retrial with instructions to the court: "(1) to reconsider defendant's severance motion without taking into account whether a combined trial would bolster the victims' credibility; and (2) regardless of the extent to which separate new trials are ordered, to fashion appropriate Rule 404(b) jury instructions that omit any reference to the 'plan' exception under that Rule."

At the first retrial for one of the victims, defendant was acquitted. Rather than trying defendant on the remaining four victims, the State and defendant reached a plea agreement to four counts of second-degree sexual assault, which reduced his prison term exposure from forty or more years to a recommendation of a ten-year NERA term, with concurrent ten-year sentences. Had defendant gone to trial and been found guilty of first-degree aggravated sexual assault at four separate trials, he would have faced a potential aggregate prison term of

---

[1] In addition, the jury found defendant guilty of harassment as to the two arresting enforcement officers, which we affirmed, but found him not guilty as to an alleged sixth victim.

A-3879-17T4

eighty years. And since defendant would have jail credit of about eight years under the plea agreement, he would be very close to completing the eighty-five percent NERA parole ineligibility period.

In the Additional Questions for Certain Sexual Offenses (AQCSO) plea form defendant executed, he circled "yes" in response to the question number 7, which asked whether he understood that upon completion of his prison term, he could "be civilly committed to another facility for up to life if the court finds, after a hearing, that you are in need of involuntary civil commitment."

During his lengthy plea colloquy, Judge John R. Tassini confirmed with defendant the customary responses that he: understood the nature of the plea; reviewed and signed the plea forms; and was entering into the plea voluntarily, had an opportunity to discuss the matter with his attorney and had no other questions. Judge Tassini went through the plea forms in detail, which included reading into the record defendant's response to question number 7 acknowledging that he could be civilly committed. After reciting the last sentence in the introductory paragraph of the AQCSO plea form stating, "Question 7 includes the offense of felony murder if the underlying crime is sexual assault," the judge commented it was not pertinent to defendant, as

defendant's offense was not felony murder. The judge also reviewed in detail defendant's responses to supplemental forms for NERA and sexual offenses.

Defendant was later sentenced in accordance with the plea agreement by another judge, and was given the aforementioned jail credit. He did not appeal his conviction or sentence.

After defendant completed his sentence, the State transferred him to the STU and successfully moved for an order of involuntary civil commitment. In response, defendant filed for PCR, claiming that: counsel was ineffective for not advising him that he could be subject to civil commitment; there was no factual basis for his plea; and the court made no finding that he committed a sexually violent act.[2]

Judge Scully denied PCR without an evidentiary hearing based upon the well-known two-prong PCR standard articulated in Strickland v. Washington, 466 U.S. 668 (1984), and State v. Fritz, 105 N.J. 42, 58 (1987), as well as the well-settled standard set forth in State v. Preciose, 129 N.J. 451, 462-463 (1992), that an evidentiary hearing is only required when a prima facie case of ineffective assistance of counsel is established. The judge explained in his oral

---

[2] On appeal, defendant does not argue there was no finding he committed a sexually violent act. In fact, the argument is without merit as sexual assault is defined by statue as a sexually violent act. N.J.S.A. 30:4-27.26(a), (b).

decision that it was clearly indicated in defendant's plea form and during his plea colloquy that the possibility of civil commitment existed upon the completion of his sentence. As "the alleged acts or omissions by defense counsel [were] not professionally unreasonable" under Strickland's first prong, the judge reasoned the "analysis under [the] second Strickland prong[, the prejudice suffered by defendant, was] irrelevant." The judge found the plea colloquy demonstrated "a sufficient factual basis supporting [defendant's] guilty plea." Thus, the judge held "there was no reasonable probability that but for counsel's errors[, defendant] would not have pled guilty and would have insisted on going to trial; therefore, an evidentiary hearing need not be granted."

II

Before us, defendant argues in a single point:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS TRIAL ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILING TO ADVISE HIM ADEQUATELY OF THE CIVIL COMMITMENT CONSEQUENCES OF HIS PLEA

In particular, defendant claims that he pled guilty because he expected to be released after serving his ten-year NERA prison term based upon his counsel's advice. He further asserts that when Judge Tassini made a comment

6

that part of the AQCSO plea form pertaining to felony murder was not applicable to his situation, he believed the judge meant that the offense he pled to did not expose him to civil commitment.

We find no merit in defendant's argument, and affirm substantially based on Judge Scully's legally sound oral decision that is well-supported by the record. We add only the following comments.

In cases where the PCR judge does not conduct an evidentiary hearing, we review the judge's legal and factual determinations de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (citation omitted). A PCR defendant faces the burden to establish the grounds for relief by a preponderance of the credible evidence. State v. Goodwin, 173 N.J. 583, 593 (2002) (citations omitted). To set aside a plea based on ineffective assistance of counsel, "a defendant must show that (i) counsel's assistance was not 'within the range of competence demanded of attorneys in criminal cases'; and (ii) 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). In other words, "a [defendant] must convince the court that a decision to reject the plea bargain would have been

rational under the circumstances." State v. O'Donnell, 435 N.J. Super. 351, 371 (App. Div. 2014) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)).

Applying these principles, we see no reason to disturb Judge Scully's findings that defendant failed to present a prima facie case to set aside the plea due to ineffective assistance of counsel. Defendant's bald allegation that counsel did not advise him of the possible civil commitment repercussion of his plea agreement is insufficient. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). He failed to submit a certification or affidavit supporting his assertion. See R. 3:22-10(c) ("Any factual assertion that provides the predicate for a claim of relief must be made by an affidavit or certification pursuant to Rule 1:4-4 and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing."). Further, if it was not intended that defendant's plea would implicate the prospects of a civil commitment upon completion of his sentence, the pertinent language about civil commitment would have been stricken from the plea form and not addressed at his plea. Consequently, the judge did not abuse his discretion in denying an evidentiary hearing, as defendant failed to establish a prima facie basis for relief.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3879-17T4